UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IODINE SOFTWARE, LLC, | ) |
| Plaintiff, | ) Case No. 1:23-cv-1480 |
| v. | ) |
| MEMORIAL HOSPITAL AT GULFPORT, | ) |
| Defendant. | ) |

## PLAINTIFF IODINE SOFTWARE, LLC'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Iodine Software, LLC ("Iodine") brings this Complaint against Defendant Memorial Hospital at Gulfport ("Memorial"). In support of its Complaint, Iodine states the following:

### PRELIMINARY STATEMENT

Iodine is suing Memorial for breach of contract. The parties entered an agreement in 2021 under which Iodine would license its software to Memorial in exchange for payment of fees. The agreement's term ran through 2027. But in 2023, Memorial told Iodine it had to end the agreement for cost-saving reasons. Memorial eventually terminated the agreement on November 1, 2023, without cause. Because the contract did not allow Memorial to terminate for convenience (*i.e.*, without cause), Iodine now seeks to recover ▮▮▮▮▮▮▮ in both past due license fees and future fees it would have earned but for Memorial's premature, unauthorized termination and breach.

### THE PARTIES

1.      Plaintiff Iodine Software, LLC is a healthcare AI technology company. Iodine develops, designs, and manages software solutions for patients, providers, hospital systems, and others. Iodine is located at 6850 Austin Center, Blvd., Austin, Texas 78731.

1

2. Defendant Memorial Hospital at Gulfport is a community hospital. Memorial is located at 4500 13th Street, Gulfport, Mississippi 39501.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Iodine is a Texas limited liability company. Iodine's sole member is Iodine Software Holdings Inc., a Delaware corporation that is headquartered in Austin, Texas. Accordingly, Iodine is both a Delaware and Texas citizen for purposes of diversity jurisdiction.

5. Memorial is a Mississippi not-for-profit corporation, headquartered in Gulfport. Mississippi. Accordingly, Memorial is a Mississippi citizen for purposes of diversity jurisdiction.

6. The amount in controversy exceeds $75,000. Iodine seeks to recover at least ▮▮▮▮ in damages for Memorial's breach of the parties' contract.

7. This Court has personal jurisdiction over Memorial because Memorial entered a contract with Iodine in Texas, Memorial received services performed by Iodine from Iodine's offices in Texas, and Memorial made payments to Iodine in Texas.

8. The Western District of Texas is the appropriate venue for this case under 28 U.S.C. § 1391(b)(1) and (b)(2) because the acts alleged herein occurred in this District.

## FACTUAL BACKGROUND

9. On December 24, 2021, Iodine and Memorial entered a Master Subscription and Services Agreement (the "Agreement"). **Exhibit 1**, Agreement. Pursuant to the Agreement, Iodine agreed to license its proprietary software to Memorial in exchange for Memorial's payment of licensing and other fees.

10. The Agreement expressly incorporated and attached individual orders executed by the parties pursuant to the Agreement ("Orders"). This Complaint refers to the Agreement and the individual Orders collectively as the "Agreement" unless otherwise indicated.

11. Under Order # 1, Iodine licensed certain software to Memorial for its use between January 1, 2022 and June 30, 2022 in exchange for ▮▮▮▮▮▮ in fees.

12. Under Order # 2, Iodine licensed certain software to Memorial for its use between July 1, 2022 and June 30, 2027 (the "Initial Period").

13. For year 1 of this 5-year Initial Period (between July 1, 2022 and June 30, 2023) Memorial agreed to pay Iodine ▮▮▮▮▮▮ on July 1, 2022.

14. Memorial agreed to pay Iodine ▮▮▮▮▮▮ in fees on July 1 of each remaining year of the Initial Period (*e.g.*, ▮▮▮▮▮▮ on July 1, 2023, ▮▮▮▮▮▮ on July 1, 2024, ▮▮▮▮▮▮ on July 1, 2025, and ▮▮▮▮▮▮ on July 1, 2026).

15. In 2022, Memorial paid Iodine's fees and expenses under Order # 1, and its fees and expenses under Order # 2 for year 1 of the Initial Period. These payments totaled ▮▮▮▮▮▮.

16. On March 3, 2023, Memorial notified Iodine by letter that it was seeking to end the contract because it had apparently suffered "financial hardship" due to the COVID-19 pandemic. Memorial's CEO explained that the hospital was "seeking ways to significantly reduce expenses and finding more value for our spending during these difficult times." **Exhibit 2**, Mar. 3, 2023 Ltr.

17. On September 1, 2023, Iodine responded in writing to Memorial's March 3 letter. Iodine explained that the Agreement did not allow Memorial to terminate for convenience—*i.e.*, absent Iodine's "material" breach of the Agreement. **Exhibit 3**, Sept. 1, 2023 Ltr.

18. Section 9 of the Agreement provides the exclusive method by which the Agreement may be terminated. It states that either party may terminate "if the other party fails to perform any

other material obligation required of it" under the Agreement.[1] Section 9 thus allows the parties to terminate "for cause" – *i.e.*, upon the other party's material breach of the Agreement.

19. The party terminating under Section 9 must comply with a 30-day notice and cure period.

20. On September 20, 2023, Memorial gave Iodine notice that it was terminating the Agreement, effective November 1, 2023. **Exhibit 4**, Sept. 20, 2023 Ltr. Memorial claimed that its termination fell under Section 9 because of "unresolved performance deficiencies" that amounted to "material" breaches of the Agreement. These purported "deficiencies" included Iodine's alleged "fail[ure] to participate in quarterly executive briefings with Memorial" and its alleged "misidentif[ying]" and "not capturing" of "query opportunities."

21. Thus, contrary to the explanation in its March 3 letter, and only after Iodine's September 1 letter explained that the Agreement did not allow termination for convenience, Memorial suddenly claimed that Iodine materially breached, triggering Section 9.

22. Section 9.1 of the Agreement provides that "[u]pon termination of this Agreement or any Order by Customer, Iodine shall have no further obligation or liability hereunder and all fees due under this Agreement or an Order shall become due and payable to Iodine immediately upon such termination."

23. Since the November 1, 2023 termination, however, Memorial has not paid Iodine the ███████ in fees owed for the July 1, 2023 – June 30, 2024 year (year 2 of the Initial Period). Memorial was contractually obligated to pay these fees on July 1, 2023, and remains obligated to pay these fees following its attempted Section 9 termination.

---

[1] Section 9 also permits the Agreement to be terminated by either party "if the other party files a petition for bankruptcy or insolvency, has an involuntary petition field against it, commences an action providing for relief under bankruptcy laws, files for the appointment of a receiver, or is adjudicated a bankruptcy concern." This alternative basis for termination is not at issue here.

24. Based on its letter correspondence, Memorial has also made clear that it does not intend to perform its future obligations under the Agreement, including but not limited to paying Iodine's fees for each of the remaining three years of the Initial Period (*e.g.*, $██████ on July 1, 2024, $██████ on July 1, 2025, and ██████ on July 1, 2026).

## CAUSES OF ACTION

### Count I – Breach of Contract

25. Iodine expressly incorporates by reference the allegations in Paragraphs 1 through 24 above.

26. The Agreement is a valid and binding contract.

27. Under the Agreement, Memorial agreed to pay Iodine ██████ on July 1 of every year between 2023 and 2026.

28. Despite demand, Memorial has failed to make the ██████ payment to Iodine that was due on July 1, 2023.

29. Memorial's failure to pay this amount is a material breach of contract.

30. Memorial's attempted termination under Section 9 does not excuse Memorial's failure to pay these past due fees. Section 9.1 of the Agreement expressly states that "all fees due under this Agreement or an Order shall become due and payable to Iodine immediately upon such termination."

31. Memorial's breach has damaged Iodine in the amount of ██████. Iodine seeks to recover this amount, plus applicable interest, costs, and attorney's fees, in connection with this breach contract.

### Count II – Breach of Contract (Anticipatory Breach)

32. Iodine expressly incorporates by reference the allegations in Paragraphs 1 through 31 above.

33. Under the Agreement, Memorial was required to pay Iodine on July 1 of every year between 2024 and 2026.

34. The Agreement's term expired on June 30, 2027.

35. Memorial could terminate the contract only upon Iodine's material breach under Section 9.

36. Memorial's November 1, 2023 termination was not a Section 9 termination because Iodine did not materially breach.

37. The alleged material breaches identified in Memorial's September 20 letter are pretexts for the actual reasons Memorial sought to end the contractual relationship —*i.e.*, that Memorial had suffered "financial hardship" and needed to "significantly reduce expenses."

38. Memorial breached the contract by prematurely terminating, effective November 1, 2023, before the Agreement's term expired on June 30, 2027.

39. "[I]n the absence of some provision in the contract authorizing termination or cancellation, every contract is presumed irrevocable." *Ham Marine, Inc. v. Dresser Indus.*, 72 F.3d 454, 460 (5th Cir. 1995).

40. Memorial anticipatorily breached by prematurely terminating and refusing to perform its future obligations under the Agreement, *i.e.*, to pay license fees to Iodine on July 1, 2024, July 1, 2025, and on July 1, 2026.

41. "The definition of an anticipatory breach of a contract is one committed before the time has come, when there is a present duty of performance, and is the outcome of words or acts evincing an intention to refuse performance in the future." *Little v. Dalrymple*, 135 So. 2d 403, 405 (Miss. 1961).

42. Had Memorial not prematurely terminated and anticipatorily breached, Iodine would have earned ▮▮▮▮▮ on July 1, 2024, ▮▮▮▮▮ on July 1, 2025, and ▮▮▮▮▮ on July 1, 2026.

43. Iodine is entitled to recover these amounts from Memorial now. *See Lacey v. Hakimian*, No. 3:04-cv-646N, 2006 WL 328160, at *3 (S.D. Miss. Feb. 10, 2006) (plaintiffs sued lessee who vacated property without paying remaining rent, and court held that under anticipatory breach of contract theory, plaintiffs could immediately recover "future rents" owed by lessee under Mississippi law and therefore did not have to wait to "sue on those amounts as they become due").

44. Thus, independent of Memorial's breach by failing to pay the ▇▇▇▇▇▇ in fees owed on July 1, 2023, Memorial's premature termination and refusal to perform is a breach that has damaged Iodine in the amount of ▇▇▇▇▇▇. Iodine seeks to recover this amount, plus applicable interest, costs, and attorney's fees, in connection with this breach of contract.

## Count III – Attorney's Fees

45. Iodine expressly incorporates by reference the allegations in Paragraphs 1 through 44 above.

46. Because of Memorial's breaches, including its failure to make timely payment, Iodine has been forced to retain the undersigned counsel to seek to attempt to collect these payments and to prosecute the claims asserted herein. Iodine seeks to recover these attorney's fees under the authority of the Agreement and Mississippi law.

47. Iodine is represented by attorneys, Iodine presented this claim as evidenced by **Exhibit 3**, and payment has not been tendered before the expiration of 30 days, so all conditions including presentment have been satisfied, met, or waived.

## CONCLUSION

WHEREFORE, Plaintiff Iodine Software, LLC prays for judgment, costs of court, attorney's fees and such other and further relief to which it may show it is justly entitled.

By: */s/ Carlos R. Soltero*
Carlos R. Soltero

7

Texas State Bar No. 00791702
2500 Bee Caves Road
Building 1, Suite 150
Austin, Texas 78746
Phone: (512) 422-1559
csoltero@maynardnexsen.com

Ollie A. ("Tres") Cleveland, III
*pro hac vice* application forthcoming
MAYNARD NEXSEN PC
1901 Sixth Avenue North
Suite 1700
Birmingham, Alabama 35203-2602
Phone: (205) 254-1000
Fax: (205) 254-1999
tcleveland@maynardnexsen.com

*Attorneys for Plaintiff Iodine Software, LLC*